IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TUESDAY S. BANNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-1625-LPS |
| | : | |
| DEPARTMENT OF HEALTH AND | : | |
| SOCIAL SERVICES DIVISION FOR THE | : | |
| VISUALLY IMPAIRED, | : | |
| | : | |
| Defendant. | : | |

Tuesday S. Banner, Bear, Delaware, Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

December 12, 2014
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Tuesday S. Banner. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 2000e-5, alleging employment discrimination. (D.I. 2) She proceeds *pro se* and was granted leave to proceed *in forma pauperis*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court is Defendant's motion to dismiss (D.I. 8) and Plaintiff's opposition (D.I. 10) thereto.[1] For the reasons that follow, the Court will grant Defendant's motion, but will give Plaintiff leave to amend.

## II. BACKGROUND

Plaintiff alleges that discrimination occurred on March 1, 2013, when her employment was terminated. The Complaint alleges violations of the Family Medical Leave Act, as well as sexual harassment, religious discrimination, disability discrimination, and retaliation. (D.I. 2) The Complaint does not attach a copy of the charges Plaintiff filed with the Equal Employment Opportunity Commission as set forth in paragraph 12 of the Complaint. Defendant moves to dismiss the Complaint for failure to state a claim upon which relief may be granted.

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as

---

[1]The Court considers Plaintiff's opposition to the motion to dismiss as timely filed and, therefore, will deny as moot her motion request for extension of time (D.I. 9).

1

true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court IS not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

The Complaint, as it now stands, does not contain sufficient factual allegations to state claims under the statute invoked by Plaintiff. In addition, the scant and conclusory allegations fail to meet the pleading requirements of *Iqbal* and *Twombly*.

2

Plaintiff opposes the motion to dismiss and states that her "claim was filed with the attachments of both her Department of Labor and EEOC claims, wherein [Defendant] and the Attorney General's Office were put on notice about the factual allegations of her claim." (D.I. 10 at ¶ 2) While this may be true, those attachments were not attached to the instant Complaint and are not before the Court.

Having reviewed the allegations, the Court finds that Plaintiff has failed to state plausible claims for relief. Therefore, the Court will grant Defendant's motion to dismiss.

## V. **CONCLUSION**

For the above reasons, the Court will: (1) deny as moot Plaintiff's request for extension of time (D.I. 9); and (2) grant Defendant's motion to dismiss (D.I. 8). Since it appears plausible that Plaintiff may be able to articulate a claim or claims against Defendant, she will be given an opportunity to amend the Complaint. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

An appropriate Order will be entered.