IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TUESDAY S. BANNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-1625-LPS |
| | : | |
| DEPARTMENT OF HEALTH AND | : | |
| SOCIAL SERVICES DIVISION FOR THE | : | |
| VISUALLY IMPAIRED, | : | |
| | : | |
| Defendant. | : | |

Tuesday S. Banner, Bear, Delaware, Pro Se Plaintiff.

Joseph Clement Handlon and Roopa Sabesan, Deputy Attorneys General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.


**MEMORANDUM OPINION**


July 30, 2015
Wilmington, Delaware

[signature] 

**STARK, U.S. District Judge:**

## I.  INTRODUCTION

Plaintiff Tuesday S. Banner ("Plaintiff") filed this action pursuant to 42 U.S.C. § 2000e-5, alleging employment discrimination. (D.I. 2)  She proceeds *pro se* and was granted leave to proceed *in forma pauperis*.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  The Court dismissed the original complaint and Plaintiff filed an Amended Complaint. (D.I. 14)  Presently before the Court is Defendant's motion to dismiss the Amended Complaint or, in the alternative, for a more definite statement (D.I. 15) and Plaintiff's opposition (D.I. 18) thereto, which she submits as an Amended Complaint.  For the reasons that follow, the Court will grant in part, and deny in part, Defendant's motion.

## II.  BACKGROUND

Plaintiff alleges that discrimination occurred on March 1, 2013, when her employment with Defendant Department of Health and Social Services Division for the Visually Impaired ("Defendant") was terminated.  The Complaint alleges violations of the Family Medical Leave Act ("FMLA"), as well as sexual harassment, religious discrimination, disability discrimination (i.e., Americans with Disabilities Act ("ADA")), and retaliation. (D.I. 2)  Attached to the original complaint is a notice of suit rights from the U.S. Equal Employment Opportunity Commission ("EEOC") for EEOC Charge No. 17C-2012-00342, dated June 26, 2013. (D.I. 2 Ex.)

The Amended Complaint also alleges violations of the Family Medical Leave Act, as well as sexual harassment, religious and disability discrimination, and retaliation.  The allegations in the Amended Complaint are: "(1) The attached exhibits support and substantiate Plaintiff's assertions as cited in paragraph 12 of the original complaint; (2) Plaintiff contends Defendants [sic] were well aware of her allegations of sexual harassment, religious and disability discrimination, FMLA and

1

retaliation as far back as 2010. However, attached exhibits should prove an effective reminder and notice of aforementioned allegations." (D.I. 14) The exhibits include charge of discrimination, No. 17C-2012-00342 ("Charge I"), dated April 16, 2012, wherein Plaintiff complains of discrimination that occurred on March 16, 2012. The charge refers to retaliation and discrimination based upon religion (Muslim) with suspension as the adverse employment action. The charge states that the suspension was "actually due to retaliation for religious discrimination and sexual harassment" based on "previous discrimination complaints to human resources." (D.I. 1 Ex.) A second charge of discrimination, No. 17C-2012-00575 ("Charge II"), dated September 11, 2012, complains of discrimination that occurred on July 23, 2012, in the form of harassment and a three-day suspension in retaliation for filing a charge of discrimination in March 2012. The charge indicates it is a continuing action. The exhibits include a March 1, 2013 letter terminating Plaintiff's employment and explaining that Plaintiff: (1) had been continuously absent from work since September 4, 2012; (2) was informed by letters dated December 13, 2012 and December 24, 2012 that her absence, as of November 7, 2012, was no longer covered by the FMLA, that her short-term disability insurance claim remained in a terminated state, and that her absence as of November 14, 2012 was considered unauthorized; (3) was directed to report for work full duty on December 28, 2012 with all records and a doctor's release to return to work; and (4) was cautioned that, if she remained off work as of December 28, 2012, her position would be considered vacated and dismissal would be recommended. (*See id.*)

In response to the Amended Complaint, Defendant filed the pending motion to dismiss or, in the alternative, for a more definite statement and, in turn, Plaintiff filed a response that she

describes as an amended complaint, referred to hereinafter as the Second Amended Complaint.[1] (D.I. 18) Defendant's reply addresses the allegations raised in the Second Amended Complaint, and moves for its dismissal.

## III.  LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

---

[1]The Court considers Plaintiff's opposition to the motion to dismiss as timely filed and, therefore, will deny as moot her motion request for extension of time (D.I. 17). In addition, the Court will direct the Clerk of Court to docket D.I. 17 as a Second Amended Complaint.

3

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

In the Second Amended Complaint, Plaintiff alleges violations under the FMLA and the ADA. She also alleges sexual harassment, religious discrimination, and retaliation in the forms of a one-day suspension and a three-day suspension. Plaintiff seeks injunctive relief, as well as compensatory and punitive damages.

### A. Eleventh Amendment

Plaintiff's FMLA and ADA claims are barred by Delaware's Eleventh Amendment immunity. The allegations in the Second Amended Complaint indicate that Plaintiff exercised her right to leave under what is known as the FMLA "self-care" provision, which provides that eligible employees may take twelve weeks of unpaid leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

Private suits for damages may not be brought against states for alleged violations of the FMLA, which arise under the Act's self-care provision. *See* 29 U.S.C. § 2612(a)(1)(D). Congress did not validly abrogate the states' Eleventh Amendment immunity when it enacted provisions of the FMLA. *See Chittister v. Department of Cmty. and Econ. Dev.*, 226 F.3d 223, 229 (3d Cir. 2000). Private

4

suits still may not be brought against states where the self-care provisions of the Act are implicated. *See Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 737-40 (2003).

Similarly, the law is settled that Plaintiff may not recover in federal court under Title I of the ADA for her discrimination claims against the State. The Supreme Court invalidated Congress' abrogation of the States' immunity to claims under Title I of the ADA. *See Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001). Accordingly, under the Eleventh Amendment, Defendant is immune from suit for damages brought pursuant to Title 1 of the ADA. *See Garrett*, 531 U.S. at 360; *see also Flax v. Delaware*, 329 F. App'x 360, 364 (3d Cir. May 19, 2009) (State is immune from liability under Eleventh Amendment for claims under Title I of ADA).

For the above reasons, the Court will grant the motion to dismiss the FMLA and ADA claims raised by Plaintiff.

### B.    Charge II, No. 17C-2012-00575

In the Second Amended Complaint, Plaintiff alleges that she acquired FMLA protection in June 2012 and in July 2012, when she was placed on medication that had the effect of preventing her from working. (D.I. 18 at ¶¶ 43, 44) Plaintiff received, and served, a three-day suspension in July 2012. (*Id.* at ¶ 45) On September 11, 2012, Plaintiff filed Charge II alleging retaliation that resulted in harassment and suspension. Defendant moves for dismissal of the claims raised in Charge II on the ground that Plaintiff makes no mention, and provides no documentation, of the final decision of the EEOC or a notice of suit rights letter from the EEOC.

Before a plaintiff can bring a Title VII action, she must exhaust her administrative remedies, typically by filing a charge with the EEOC and receiving from the EEOC a notice of the right to sue. *See* 42 U.S.C. § 2000e-5(e)(1); *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Failure to exhaust administrative remedies, while not a jurisdictional defect, is a

5

ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Anjelino v. New York Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 2000).

Nothing in the record indicates that Plaintiff has exhausted her administrative remedies with regard to the claims raised in Charge II. Nor does the record contain evidence that Plaintiff ever received a notice of the right to sue for Charge II. Plaintiff has neither offered any explanation for her failure to produce evidence of administrative exhaustion nor argued that tolling is appropriate or that the Court should excuse the administrative exhaustion requirement as to Charge II.

Therefore, the Court will grant Defendant's motion to dismiss the claims raised in Charge II.

### C. Charge I, No. 17C-2012-00342

As discussed above, Charge I raises claims of sexual harassment, religious (Muslim) discrimination, and retaliation that resulted in a one-day suspension. The Second Amended Complaint alleges that Plaintiff filed grievances with Human Relations on January 27, 2010 that pertained to disability and religious discrimination as well as sexual harassment. (D.I. 18 at ¶ 22) A Step II grievance hearing was held on January 13, 2011, and the grievance was denied as untimely and without merit. (*Id.* at ¶ 27) The Second Amended Complaint alleges that, throughout 2011, Plaintiff was approached by Robert Doyle ("Doyle") who made repeated comments of a sexual and religious nature.[2] (*Id.* at ¶ 29) Plaintiff did not make a formal complaint, but informed a Human Resources representative of Doyle's behavior. (*Id.*) She received no assistance. (*Id.*) Plaintiff alleges that on February 20, 2012, Doyle approached her "in an uncomfortable manner" and tried to

---

[2]Plaintiff had previously been approached by Doyle. He asked about Plaintiff's personal interest in him and whether she would change her religious affiliation from Islam to Christianity. (D.I. 18 at ¶ 20)

6

engage her in a non-work related conversation and then "stormed away" because Plaintiff dismissed his negative remarks. (*Id.* at ¶ 35) Plaintiff alleges that on the same day, Doyle saw Plaintiff and a Muslim consumer getting into Plaintiff's car and immediately believed that she was "up to no good." (*Id.*)

On February 28, 2012, Plaintiff was informed by Vocational Rehabilitation Administrator Helen Harper ("Harper") that she had been directed by Doyle to suspend Plaintiff for leaving the campus a week earlier. (*Id.* at ¶ 21) The next day, Senior Vocational Rehabilitation Counselor Genelle Fletcher ("Fletcher") told Plaintiff that she would be receiving a one-day suspension for failing to adhere to supervisory directives in not following the chain of command for out-of-office breaks. (*Id.* at ¶ 32) Plaintiff alleges that Fletcher investigated the matter and was advised that Plaintiff had informed Harper she was taking a break as usual. (*Id.* at ¶ 33) Fletcher reported the information to Doyle who instructed Fletcher to "suspend Plaintiff anyway and she did." (*Id.*) Plaintiff served the one-day suspension in early to mid-March. On March 20, 2012, Plaintiff complained to Human Resources that she was tired of being sexually harassed by Doyle and asked what could be done. (*Id.* at ¶ 37) Plaintiff then filed Charge I.

Defendant moves for dismissal of these claims on the ground that they are factually insufficient to state claims for relief. More particularly, Defendant argues that the Second Amended Complaint fails to articulate a claim for sexual harassment because none of the allegations amount to conduct that is sufficiently offensive or hostile to create an abusive working environment. It also argues that the religious discrimination claim fails to state a claim as there are no allegations to suggest that Plaintiff was suspended because of her religion. Finally, Defendant argues that the retaliation claim fails because there are no factual allegations suggesting a causal link between the protected activity Plaintiff engaged in and the alleged adverse action taken against her.

7

Having reviewed the Second Amended Complaint and, as the Court must, liberally construing the allegations contained therein, the Court finds the allegations of sexual harassment, religious discrimination, and retaliation sufficient to survive Defendant's motion to dismiss for failure to state a claim upon which relief may be granted. Therefore, the Court will deny Defendant's motion to dismiss Charge I.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's motion request for extension of time (D.I. 17); and (2) grant in part and deny in part Defendant's motion to dismiss (D.I. 15). The Court will direct the Clerk of Court to docket D.I. 18 as a Second Amended Complaint. The matter will proceed on Charge I as contained in the Second Amended Complaint, paragraphs 1, 4, 5 through 42, and 71. All other claims will be dismissed, including claims based upon Charge II, the FMLA, and the ADA.

An appropriate Order will be entered.