IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TUESDAY S. BANNER,

      Plaintiff,

v.                                       Civ. No. 13-1625-LPS

DEPARTMENT OF HEALTH AND
HUMAN SERVICES DIVISON FOR THE
THE VISUALLY IMPAIRED,

      Defendant.

## MEMORANDUM

### I. INTRODUCTION

Plaintiff Tuesday Banner ("Plaintiff"), filed this lawsuit on September 30, 2013. (D.I. 2) She appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4) Pending is Plaintiff's motion/request for an extension of time to file a notice of appeal. (D.I. 49)

### II. BACKGROUND

On March 19, 2018, the Court granted Defendant's motion for summary judgment, denied Plaintiff's motion to compel and directed the Clerk of Court to enter judgment in favor of Defendant and against Plaintiff. (D.I. 45) Judgment was entered the next day, March 20, 2018. (D.I. 46) Plaintiff filed a notice of appeal on April 30, 2018. (D.I. 47) On May 2, 2018, the United States Court of Appeals for the Third Circuit advised Plaintiff that the appeal was not filed within the time prescribed by the Federal Rules of Appellate Procedure and referred Plaintiff to Fed. R. App. P. 4. *See Banner v. Department of Health and Human Services*, No. 18-1977 (3d Cir. May 2, 2018 legal division letter advising that the case had been listed for possible dismissal due to jurisdictional defect). Plaintiff filed the instant motion on May 23, 2018. (D.I. 49)

## III. LEGAL STANDARDS

Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the Court may grant Plaintiff's motion only if it was filed no later than thirty (30) days after the expiration of the time originally prescribed by Rule 4(a), and she shows either excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(i) and (ii). Pursuant to Federal Rule of Appellate Procedure 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (1) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (3) the Court finds that no party would be prejudiced. *See* Fed. R. App. P. 4(a)(6).

## IV. DISCUSSION

Plaintiff seeks an enlargement of time to file a notice of appeal. She acknowledges that she belatedly filed the notice of appeal. (*See* D.I. 47) Plaintiff posits, however, that the notice of appeal was filed within the 14-day window during which the Court has jurisdiction to authorize an enlargement to file a notice of appeal for excusable neglect and cause. Plaintiff seems to misconstrue the timing elements of Rule 4.[1]

The Federal Rules of Appellate Procedure require that a notice of appeal in a civil case be filed within 30 days after the order appealed from is entered on the district court's docket. *See* Fed.

---

[1] Plaintiff appears to be referring to Rule 4(a)(5)(C). It provides that when a motion for an extension of time to appeal under Rule 4(a)(5)(C) is granted, no extension may exceed 30 days after the prescribed time to appeal or fourteen days after the date when the order granting the motion for an extension of time is entered, whichever is later.

R. App. P. 4(a)(1)(A). Here, Plaintiff appeals the March 20, 2018 judgment. (*See* Notice of Appeal at D.I. 47) Hence, she was required to file her notice of appeal on or before April 19, 2018. *See* Fed. R. Civ. P. 6(a); Fed. App. P. 26(a). The record demonstrates that the notice of appeal was not filed until April 30, 2018. (*See* D.I. 47)

Rule 4(a)(5)(A)(i) provides that Plaintiff was required to file the motion for extension of time to appeal no later than thirty days after the expiration of the time originally prescribed by Rule 4(a). As just discussed, the original deadline to appeal was April 19, 2018. The thirty day time-frame following the expiration of the April 19, 2018 deadline fell on Saturday, May 19, 2018. However, because that day is a Saturday, Plaintiff had until Monday, May 21, 2018 to file the motion for an extension of time to file the appeal. *See* Fed. R. Civ. P. 6(a)(1)(C); Fed. R. App. P. 26(a)(1)(C). Plaintiff did not file the motion for an extension of time until May 23, 2018. Therefore, the instant motion is untimely having been filed two days late. *See Vaughan v. Ricci*, 2007 WL 4570079, at *1 (D.N.J. Dec. 26, 2007) (denying request for extension of time to appeal on timeliness grounds). As discussed, Plaintiff's motion is untimely under subparagraph (i) of Rule 4(a)(5)(A) and for that reason, her motion will be denied. Even if the Court found the request timely, which it has not, Plaintiff has failed to show (1) excusable neglect, as the copy of the judgment she seeks to appeal included the docketing header that the judgment was filed on March 20, 2018, making it clear it was entered on March 20, 2018, or (2) good cause, as the delay for filing was in her control. *See e.g., Grant v. Revera Inc./Revera Health Systems*, 655 F. App'x 914, 91 (3d Cir. July 20, 2016). Finally, the Court observes that Plaintiff was notified by the Court of Appeals on May 2, 2018, that her appeal was untimely and, at the same time, was provided a copy of Rule 4, setting forth the timing requirements for seeking an extension of time. Even though she was armed with this information, Plaintiff did not timely file the instant motion.

In addition, Plaintiff has not met the requisites to reopen the time to file an appeal under Fed. R. App. P. 4(a)(6), to the extent that is her intent. The first element that must be satisfied is that Plaintiff, as the moving party, must not have received notice of entry of judgment within 21 days of its entry. *See* Fed. R. App. P. 4(a)(6)(A). The Court docket receipt indicates that on March 20, 2018, the judgment was mailed to Plaintiff at the address she provided to the Court. Notably, Plaintiff makes no claim she did not receive notice of the judgment she seeks to appeal and, in fact, acknowledges that she received a copy of the judgment. Because Plaintiff cannot meet the first element, the Court need not address the other factors in Rule 4(a)(6). *See* Fed. R. App. P. 4(a)(6)(B) and (C).

## V. CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion/request for an extension of file a notice of appeal. (D.I. 49) An appropriate order will be entered.

May 29, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE